J-S47034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN DANSER | |
| Appellant | No. 1611 MDA 2015 |

Appeal from the Judgment of Sentence August 21, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000277-2015,
CP-40-CR-0000770-2014, CP-40-CR-0000832-2015,
CP-40-CR-0001773-2013, CP-40-0004284-2013,
CP-40-CR-0004292-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 14, 2016**

Kevin Danser appeals from the judgments of sentence imposed in the Court of Common Pleas of Luzerne County after he pled guilty to several offenses.  Danser's counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Danser's judgment of sentence based on the opinion of the Honorable Michael T. Vough.

On May 13, 2015, Danser pled guilty on six informations charging him with theft by unlawful taking or disposition,[1] receiving stolen property,[2] criminal trespass,[3] access device fraud[4] and conspiracy.[5]

On August 21, 2015, the court imposed an aggregate sentence of incarceration of 41 to 82 months. Each of the sentences was within the standard range.

Danser filed a timely *pro se* notice of appeal. Following his appointment by the trial court, counsel filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal asserting that the court failed to consider Danser's rehabilitative needs by not imposing a sentence of intermediate punishment. The court filed its Rule 1925(a) opinion on November 5, 2015. However, the trial record, including the trial court opinion, was not received in this Court until February 5, 2016.

Counsel filed an **Anders** brief and a motion to withdraw.[6] "When faced with a purported **Anders** brief, this Court may not review the merits of

_____

[1] 18 Pa.C.S. § 3921(a).

[2] 18 Pa.C.S. § 3925(a).

[3] 18 Pa.C.S. § 3503(a)(1)(ii).

[4] 18 Pa.C.S. § 4106(a)(1)(ii).

[5] 18 Pa.C.S. § 903.

[6] The **Anders** brief was due on March 16, 2016. It was received in the prothonotary's office on March 17, 2016. "Briefs shall be deemed filed on
*(Footnote Continued Next Page)*

the underlying issues without first passing on the request to withdraw."

***Commonwealth v. Rojas***, 847 A.2d 638, 639 (Pa. Super. 2005).

Furthermore, counsel must comply with certain mandates when seeking to

withdraw pursuant to ***Anders***, ***Santiago***, and ***McClendon***.  These mandates

are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

*(Footnote Continued)* ————————

the date of mailing if first class, express, or priority United States Postal Service mail is utilized."  Pa.R.A.P. 2185(a)(1).  Here, the postal information on the mailing envelope did not contain a date.  Unfortunately, counsel was unable to provide proof when the brief was mailed.  In light of the fact that counsel's office is in Kingston, Luzerne County and the prothonotary's office is in Harrisburg, it is reasonable to assume that the brief was mailed on or before March 16, 2016 since it was received on March 17, 2016. Accordingly, we deem it timely filed.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for this conclusion. Counsel provided a copy of the petition and *Anders* brief to Danser, advised him of his right to retain new counsel, or proceed *pro se*. Accordingly, we find counsel has met the requirements of *Anders*, *McClendon* and *Santiago*.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *Anders* brief, the sole issue raised by counsel is whether the court abused its discretion in denying his request for intermediate punishment and for failing to consider his rehabilitative needs.

Danser's allegation is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. *Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 532, citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Danser filed a timely notice of appeal and has preserved his claim by raising it in his statement of errors complained of on appeal. Finally, Danser's counsel has included in his *Anders* brief a statement pursuant to Pa.R.A.P. 2119(f).

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

After our review of the record, we affirm based on Judge Vough's opinion, which correctly analyzes the relevant provisions of the Sentencing

Code and concludes that Danser has failed to raise a substantial question.[7] We direct the parties to attach that decision in the event of further proceedings in the matter.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

JENKINS, J., joins the memorandum.

SHOGAN, J., concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016

_____

[7] We have conducted an independent review of the record and determine there are no additional non-frivolous issues overlooked by counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).

- 6 -

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA :
:
v. : CRIMINAL DIVISION
:
KEVIN DANSER : NOS: 1773, 4284, 4292 OF 2013
: NOS: 770 OF 2014 / 277, 832 OF 2015

OPINION PURSUANT TO RULE 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH

This matter arises from six informations filed by the Luzerne County District

Attorney against the Defendant, Kevin Danser. On May 13, 2015, Defendant entered a

plea of guilty on all six informations. On 1773 of 2013, Defendant pled guilty to theft by

unlawful taking or disposition, receiving stolen property and criminal conspiracy to

commit theft by unlawful taking or disposition. On 4284 of 2013, Defendant pled guilty

to criminal trespass. On 4292 of 2013 Defendant pled guilty to criminal conspiracy to

commit receiving stolen property. On 770 of 2014 Defendant pled guilty to theft by

unlawful taking or disposition and criminal conspiracy to commit theft by unlawful

taking or disposition. On 277 of 2015, Defendant pled guilty to theft by unlawful taking

or disposition and access device fraud. Defendant also pled guilty to criminal conspiracy

to commit retail theft on information 832 of 2015.

Sentencing took place on August 21, 2015. Defendant was sentenced within the

standard range on all charges and his aggregate sentence totaled forty-one to eighty-two

months. He received credit for serving 145 days of incarceration prior to sentencing.

On August 31, 2015, a Motion to Modify Sentence was filed on behalf of

Defendant. In the Motion, defense counsel alleged an abuse of discretion by this Court

for failing to consider Defendant's rehabilitative needs and for denying his request to be

sentenced to intermediate punishment. Defendant then filed an untimely pro se Motion to

Modify and Reduce Sentence on September 3, 2015.[1] Defendant gave no reason to modify or reduce his sentence in the motion. Both Motions were denied by Orders dated September 28, 2015.

Prior to the denial of the Motions to Modify Sentence, Defendant filed a pro se notice of appeal to the Superior Court of Pennsylvania. Although the appeal was filed on September 18, 2015, Defendant failed to serve this Court with a copy as required by Pa.R.A.P. 906(a)(2). This Court became aware of the appeal upon receipt of the docket sheet from the Superior Court on September 30, 2015.

After learning of the appeal, an Order was issued on October 1, 2015 which required that Defendant file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. On October 22, 2015, defense counsel filed a Rule 1925(b) statement which alleged an abuse of discretion by this Court in denying Defendant's request for a sentence of intermediate punishment and for failing to consider his rehabilitative needs.

There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002). An appellant must demonstrate that there is a substantial question that the sentence is not appropriate under the sentencing code. Commonwealth v. Boyer, 856 A.2d 149, 152 (Pa. Super. 2004). A substantial question exists where appellant sets forth a plausible argument that the sentence violates a particular provision of the sentencing code or is contrary to the fundamental norms underlying the sentencing scheme. Commonwealth v. McNabb, 819 A.2d 54, 56 (Pa.Super. 2003). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Paul, 925 A.2d

---

[1] Pa.R.Crim.P. 720(A)(1) provides: "Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."

825, 828 (Pa.Super. 2007).

Defendant's Rule 1925(b) statement sets forth no such claim and no evidence exists of record to support such a claim. Pursuant to section 9721(a) of the Pennsylvania Sentencing Code, the court is to consider one or more alternatives which may be imposed consecutively or concurrently. These alternatives are the following:

    (1)    An order of probation.

    (2)    A determination of guilt without further penalty.

    (3)    Partial confinement.

    (4)    Total confinement.

    (5)    A fine.

    (6)    County intermediate punishment.

    (7)    State intermediate punishment.

42 Pa.C.S.A. Section 9721(a).

Defendant could have been sentenced to County intermediate punishment as provided in Section 9721(a)(6). "In adopting [intermediate punishment] as a sentencing alternative, '[t]he Legislature's intent was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety.'" Commonwealth v. Jurczak, 86 A.3d 265, 267 (Pa.Super. 2014) citing, Commonwealth v. Williams, 941 A.2d 14, 24 (Pa.Super. 2008)(en banc). "Thus, the grant or denial of a defendant's request for [intermediate punishment] is largely within the sound discretion of the trial court." Id.

In addition, "an allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the

sentence was inappropriate." Commonwealth v. Cruz-Centeno, 668 A.2d 536, 545 (Pa.Super. 1995) quoting, Commonwealth v. Urrutia, 653 A.2d 706, 710 (Pa.Super. 1995). A claim that the trial court failed to consider the defendant's rehabilitative needs, age and educational background does not present a substantial question. Commonwealth v. Cannon, 954 A.2d 1222, 1228-29 (Pa.Super. 2008).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002) appeal denied, 868 A.2d 1198 (Pa. 2005) cert. denied, 545 US. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Id. "The law requires a sentencing court to consider the prior criminal record to ascertain a defendant's amenability to rehabilitation." Id.

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1998). Pennsylvania law views a sentence as appropriate under the Sentencing Code when it is within the standard range of the guidelines. Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010). A sentence imposed within the guidelines may be reversed only if application of the guidelines is clearly unreasonable. Commonwealth v. Macias, 968 A.2d 773, 777 (Pa.Super. 2009); 42 Pa.C.S.A. Section 9781(c). Unreasonable means a decision that is either irrational or not guided by sound judgment. Commonwealth v. Walls, 926 A.2d 957, 963 (Pa. 2007).

Before sentencing Defendant, this Court had an opportunity to review the pre-sentence investigation report prepared by the Luzerne County Adult Probation Department and consider the information contained therein. Defendant's rehabilitative needs, capacity for rehabilitation and age were considered along with his drug and alcohol dependency issues. Defendant also had an extensive adult criminal history.

With regard to the cases currently on appeal, Defendant pled guilty to ten offenses on six informations which occurred over a two year period. He received standard range sentences on each offense. Rather than give Defendant a volume discount, we exercised our discretion and ran the sentences consecutively. Defendant's sentence is neither excessive nor unreasonable. The judgment of sentence imposed by this Court on August 21, 2015 should be affirmed.

BY THE COURT:

_November 5 2015_
DATE

MICHAEL T. VOUGH,                    J.

Copies:

Luzerne County District Attorney's Office
Paul Galante, Esquire